UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| WIRELESS PROPERTIES, LLC, ) <br> ) <br>    *Plaintiff*, ) <br> ) <br> v. ) <br> ) <br> CROWN CASTLE INTERNATIONAL ) <br> CORP., CROWN CASTLE USA, INC., ) <br> ALAN BOCK, and JAMES VANETTA, ) <br> ) <br>    *Defendants*. ) | Case No. 1:10-cv-269 <br><br> Judge Mattice |

**MEMORANDUM AND ORDER**

Before the Court is a Motion to Dismiss the Complaint [Court Doc. 4] filed by Defendants Crown Castle International Corp., Crown Castle USA, Inc., Alan Bock, and James Vanetta. Defendants seek dismissal of Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1) due to a mandatory forum selection clause in the subject contract and because Plaintiff has failed to assert claims for which relief may be granted.

For the reasons explained below, Defendants' Motion to Dismiss the Complaint [Court Doc. 4] will be **GRANTED**.

**I.     FACTS**

In September 2006, Plaintiff entered into a Loan and Agreement ("Agreement") with non-Defendant CC Finance LLC ("CC") whereby CC would advance funds to Plaintiff for the construction and improvement of cellular communications towers. (Court Doc. 5, Defs.' Mem. of Law in Supp. of Their Mot. to Dismiss Pl.'s Compl. at 1, 4.) The Agreement originally contemplated a Loan Commitment of approximately 5.5 million dollars, but the

loan commitment could be increased at CC's discretion up to a maximum of ten million dollars. (*Id.* at 4.) Pursuant to the Agreement, CC loaned eight million dollars to Plaintiff during a period from 2006 to 2010. (*Id.* at 1.) The Agreement contains a forum selection clause that states, in part:

> Wireless hereby irrevocably consents to the exclusive jurisdiction of the Court of Chancery or the Superior Court, Wilmington, Delaware, and the United States District Court for the District of Delaware . . . . Any judicial proceeding by Wireless against Crown involving, directly or indirectly, any matter or claim in any way arising out of, related to, or connected with this Agreement or any related agreement, shall be brought only in the Court of Chancery or the Superior Court, Wilmington, Delaware, or the United States District Court for the District of Delaware.

(Court Doc. 1-1 at 41-76, Agreement ¶ 12.1.) In October 2009, Plaintiff filed suit against CC in Delaware Superior Court for an alleged breach of the Agreement. (Defs.' Mem. at 2.) The Delaware court granted CC's motion to dismiss on March 1, 2010. (*Id.*) This dismissal has since been affirmed on appeal to the Delaware Supreme Court. (Court Doc. 17-1.)

On September 3, 2010, Plaintiff filed the instant case in the Circuit Court of Hamilton County, Tennessee. (Court Doc. 1-1, pp. 15-40, Compl.) Plaintiff has not named CC as a Defendant in this case and instead has named Crown Castle International Corp. ("CCI"), the parent of CC, Alan Bock and James Vanetta, alleged agents of CC, and Crown Castle USA, Inc. ("CC USA"), an alleged affiliate of CC. (Defs.' Mem. at 3.) Defendants removed the case to this Court based on diversity jurisdiction on October 1, 2010. (Court Doc. 1, Notice of Removal.) In the Complaint, Plaintiff asserts eight counts against the Defendants, including tort-based claims for fraud, negligent misrepresentation and tortious

interference with business relationships. (Compl. ¶ 10.) Plaintiff asserts that it was wrongfully induced to enter into the Agreement because of the actions of Defendants and further asserts that CC has refused to advance money requested by Plaintiff, even though the additional funds were contemplated by the Agreement and the increased Loan Commitment. (*Id.* ¶ 11, 13.) Plaintiff claims that it recently discovered that Defendants changed the final Agreement without notice to Plaintiff to make it reflect that CC had no obligation to make future advances. (*Id.* ¶ 14.)

The facts outlined in the Complaint concern the period of time leading up to the execution of the Agreement and the negotiation process between Plaintiff and Defendants. (*Id.* ¶¶ 16-60.) Plaintiff also sets forth the history of the advances requested by Plaintiff and provided by CC and CC's first refusal to advance money on October 30, 2008. (*Id.* ¶¶ 61-84.) After this refusal, Plaintiff alleges that CC only permitted advances to pay interest Plaintiff owed (thereby paying itself) and continued to refuse to make advances to Plaintiff, which resulted in CC's failure to honor its obligations under the Agreement and damage to Plaintiff. (*Id.* ¶¶ 93-97.)

Defendants filed a Supplemental Brief on January 7, 2011 to apprise the Court of further developments in the Delaware litigation. (Court Doc. 18, Supp. Brief.) In the brief, Defendants state that Plaintiff filed counterclaims against CC in related litigation currently pending in Delaware Chancery Court. (*Id.* at 1.) The related case is one in which CC filed suit against Plaintiff for declaratory relief and specific performance. (*Id.*) Defendants represent that Plaintiff's counterclaims in the related Delaware case are based on the same factual allegations asserted in the instant case and argue that these duplicative

-3-

claims should all be litigated together in Delaware. (*Id.* at 1-2.)

## II. STANDARD OF REVIEW

As a preliminary matter, the Sixth Circuit has not approved the use of Rule 12(b)(1) as the mechanism for dismissing a case based on a forum selection clause. *See Gibson v. Am. Bankers Ins. Co.*, 289 F.3d 942, 948 (6th Cir. 2002) (stating that "forum selection clauses in contracts do not deprive courts of jurisdiction. . ."); *Arcelormittal Tubular Prods. Shelby, Inc. v. Uranie Int'l, S.A.*, No. 1:09 CV 1821, 2011 WL 1230271, at *2 (N.D. Ohio Mar. 30, 2011) (noting that "a forum selection clause is a separate and distinct inquiry from a 12(b)(1) defense" and stating that the defendant had not cited to Sixth Circuit precedent that it was a permissible way to assert the forum selection clause defense).

Defendants have also asserted that dismissal based on the forum selection clause is proper pursuant to Fed. R. Civ. P. 12(b)(6). Although there is much debate about the proper mechanism for dismissal based on enforcement of a forum selection clause (given that the Sixth Circuit has rejected 12(b)(1) and has rejected 12(b)(3) in the context of removed cases[1]), the Sixth Circuit recently suggested in dicta that Rule 12(b)(6) was the proper way to seek dismissal. *See Langley v. Prudential Mortg. Capital Co., LLC*, 546 F.3d 365, 369 (6th Cir. 2008). In *Langley*, the Sixth Circuit remanded the case to the district court because it did not have a proper motion before it and suggested that defendant file a motion to dismiss pursuant to Rule 12(b)(6) or a motion to transfer pursuant to 28 U.S.C. § 1404(a). *Id.*

---

[1] *See Kerobo v. Southwestern Clean Fuels, Corp.*, 285 F.3d 531, 534 (6th Cir. 2002) (stating that "[v]enue in removed cases is governed solely by § 1441(a)" and that Rule 12(b)(3) is therefore an improper way to challenge venue in removed cases.)

Although the Sixth Circuit did not explicitly hold that 12(b)(6) was the proper vehicle in *Langley*, other courts in this Circuit have relied on the dicta in *Langley* as an affirmative indication that a motion to dismiss asserted pursuant to 12(b)(6) is proper. *See Superior Care Pharm. Inc. v. Medicine Shoppe Int'l, Inc.*, No. 2:10-cv-207, 2011 WL 597065, at *3 (S.D. Ohio Feb. 10, 2011) (stating that "the Sixth Circuit has indicated that both of these vehicles [a motion to transfer based on § 1404(a) or a motion to dismiss based on 12(b)(6)] are appropriate mechanisms for seeking enforcement of a forum-selection clause" and citing to *Langley*); *Williams v. CIGNA Corp.*, 2010 WL 5147257, at *1 n. 3 (W.D. Ky. Dec. 13, 2010) (stating that "[t]he Sixth Circuit has only recently decided that motions to dismiss for failure to abide by forum selection clauses should be reviewed under Rule 12(b)(6) . . ."); *C. Thorrez Indus., Inc. v. LuK Transmissions Sys., LLC*, No. 5:09-cv-01986, 2010 WL 1434326, at *3 (N.D. Ohio Apr. 8, 2010) (stating that the Sixth Circuit "has implicitly endorsed Rule 12(b)(6) as a proper vehicle upon which to dismiss a case where a defendant seeks to enforce a forum selection clause.").

At least one court in this Circuit has declined to apply the dicta in *Langley* and refused to accept Rule 12(b)(6) as a means to enforce the forum selection clause. *See Ohio Learning Ctrs., LLC v. Sylvan Learning, Inc.*, No. 1:10-CV-1062, 2010 WL 2803042, at *3 (N.D. Ohio July 14, 2010). After reviewing the applicable case law, however, the Court agrees with *Langley* and the cases that have adopted the *Langley* dicta. The Court thus finds that Rule 12(b)(6) is a proper mechanism to seek dismissal, particularly in a case that has been removed from state court to federal court. In a removed case, the parties lose the benefit of seeking dismissal pursuant to Rule 12(b)(3) and, without Rule 12(b)(6),

-5-

there would be no other proper method for dismissal based on a forum selection clause in such cases.

Federal Rule of Civil Procedure 12(b)(6) provides an affirmative defense for a party's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). This defense arises in the context of a motion to dismiss, where the movant challenges the sufficiency of claims set forth in a complaint. In *Ashcroft v. Iqbal*, the Supreme Court of the United States expanded on the holding in *Bell Atl. Corp. v. Twombly* by stating that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court clarified this statement by outlining the two "working principles" governing a motion to dismiss. *Id*. First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Instead, a court considering a motion to dismiss should only accept that all factual allegations are true. Accordingly, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950.

The second principle outlined in *Iqbal* is that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). The reviewing court must determine not whether the plaintiff will ultimately prevail but whether there is "more than the mere possibility of misconduct," which is "a context-specific task that requires the reviewing court to draw on its judicial

-6-

experience and common sense." *Id.* at 1950. Therefore, to survive a motion to dismiss under 12(b)(6), plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Assoc. of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

III.  ANALYSIS

As a preliminary matter, when one or both parties present matters outside the pleadings in conjunction with a Rule 12(b)(6) motion, the Court may, at its discretion, either consider these matters and convert the motion to one for summary judgment or exclude the extra-pleading materials and apply the standard set forth in Rule 12(b)(6). *See* Fed. R. Civ. P. 12(d); *Shelby Cnty. Health Care Corp. v. S. Council of Indus. Workers Health & Welfare Trust Fund*, 203 F.3d 926, 931 (6th Cir. 2000); *Aamot v. Kassel*, 1 F.3d 441, 443 (6th Cir. 1993); *see also Batt v. United States*, 976 F. Supp. 1095, 1096-97 (N.D. Ohio 1997) ("The decision to exclude material outside the pleadings is entirely within the discretion of the trial court."). Plaintiff has raised this issue in its Response to Defendants' Motion. (Court Doc. 13, Pl.'s Br. in Opp. to Mot. to Dismiss Compl. at 2-3.) Defendants argue that the exhibits relating to the litigation in the Delaware courts are matters of public record and may properly be considered by the Court in its determination of a Rule 12(b)(6) Motion. (Court Doc. 17, Defs.' Reply Br. at 1-3.)

The Court agrees that it may take judicial notice of public records or other materials attached to Plaintiff's Complaint that are central to its claim and therefore part of the pleadings. *See Jackson v. City of Columbus,* 194 F.3d 737, 745 (6th Cir.1999) (noting that

-7-

a court may consider exhibits to a motion to dismiss where the exhibits are "referred to in the plaintiff's complaint" or are public records). The Court will exclude from its consideration, however, any affidavits attached to the briefs which relate to the instant Motion.

Defendants argue that Plaintiff's Complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for several reasons, but only Defendants' argument with regard to the forum selection clause is necessary for the Court's analysis. Defendants argue that this case should be dismissed because Plaintiff agreed to submit to the exclusive jurisdiction of the Delaware courts when it entered into the Agreement. (Defs.' Mem. at 8.) Defendants assert that the forum selection clause in the Agreement is valid and enforceable and binds the parties to litigation in specific Delaware courts for any dispute arising from or relating to the Agreement, which is broad enough to encompass all of Plaintiff's counts in this action. (*Id.* at 8-10, 12-14.) Defendants contend that both Plaintiff and CC were represented by counsel and engaged in significant negotiation to reach the resulting clause, and that Plaintiff's tort-based claims do not affect the validity of the clause. (*Id.* at 10-11.) Defendants further argue that Plaintiff cannot plead the inconvenience of the forum because the parties are already engaged in litigation in the Delaware courts. (*Id.* at 11-12.) Finally, Defendants assert that they can enforce the forum selection clause entered into by CC because even as non-signatories, they are closely related to the dispute at issue. (*Id.* at 14-16.)

Plaintiff argues in response that the forum selection clause cannot be enforced by these Defendants because they are third parties and not parties to the agreement. (Pl.'s Br. at 5.) Plaintiff claims that Defendants have not provided the Court with any evidence

-8-

of the relationship between CC and the Defendants in the instant case that would support the argument that these Defendants can enforce the forum selection clause. (*Id.*) Plaintiff states that it is not opposing the validity of the forum selection clause and accepts that it does govern its lawsuits with CC, but Plaintiff contends that any lawsuit against the Defendants in this case cannot be governed by the Agreement. (*Id.* at 5-6.) Plaintiff argues that the Defendants in the instant case are not employees, agents, or representatives of CC because CC was an entity created only one week before the Agreement was signed. (*Id.* at 8-9.) Plaintiff contends that it would not be able to file suit against these Defendants in Delaware because they lack personal jurisdiction in that forum and further argues that the forum selection clause would not govern tort-based claims against Defendants arising from pre-Agreement negotiations with Defendants other than CC. (*Id.* at 9-10.)

As a general matter, the Court notes that the Sixth Circuit recently held that federal law governs the enforceability of a forum selection clause in a diversity case. *Wong v. Partygaming Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009). To that end, "[a] forum selection clause should be upheld absent a strong showing that it should be set aside." *Id.* The *Wong* court identified three factors that should be assessed to determine the enforceability of the clause: "(1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust." *Id.* (citation omitted).

There is no evidence before the Court that the clause was obtained by fraud and,

in fact, Plaintiff concedes that the forum selection clause is enforceable as to CC and is submitting to the clause in its lawsuit against CC and the lawsuit by CC against Plaintiff. In addition, due to the fact that at least one lawsuit involving Plaintiff is currently pending in Delaware, there is no indication that any of the Delaware courts specified in the clause would be unable to handle these lawsuits. Finally, because Plaintiff is already litigating in the Delaware courts and has already brought one suit against CC in one of the courts specified in the clause, there is no valid argument that Plaintiff is serious inconvenienced by having to litigate in Delaware. The Court therefore concludes that the forum selection clause is enforceable.

Moreover, the Court finds Defendants' argument that they can enforce the forum selection clause as non-signatories to be persuasive. This Court has previously held that entities that are non-signatories to the contract can still enforce a forum selection clause. *See Hasler Aviation, L.L.C. v. Aircenter, Inc.*, No. 1:06-cv-180, 2007 WL 2463283, at *6 (E.D. Tenn. Aug. 27, 2007) (stating that "courts have enforced a contractual forum selection clause against non-signatories to the contract, so long as those parties were 'closely related' to the dispute and it was 'foreseeable' they might be bound"); *The Hassinger Corp. v. Activant Solutions Inc.*, No. 3:09-cv-391, 2010 WL 2710779, at *3 (E.D. Tenn. July 7, 2010) (same); *see also Baker v. LeBoeuf, Lamb, Leiby & Macrae*, 105 F.3d 1102, 1106 (6th Cir. 1997) (citing to *Hugel v. Corp. of Lloyd's*, 999 F.2d 206 (7th Cir. 1993) for the foreseeability test). Because the allegations in the instant case are based on the same facts which provide the basis for Plaintiff's counterclaims against CC in one of the related Delaware cases, Defendants in this case are indeed closely related to the dispute.

In fact, the claims in this case are related to the negotiation process for the contract at issue, the alleged breach of which is the focus of the Delaware cases. It was, therefore, foreseeable that Defendants might be subject to suit for any problems with that contract. After applying this foreseeability test, the Court concludes that Defendants can enforce the forum selection clause.

Moreover, the forum selection clause in this case is very broadly written, such that it would encompass the tort claims Plaintiff asserts here. The clause states that Plaintiff will bring any judicial proceeding against CC "involving, directly or indirectly, any matter or claim in any way arising out of, related to, or connected with this Agreement or any related agreement" in specific Delaware courts. (Agreement ¶ 12.1.) The Court finds that the tort claims in this case are governed by the forum selection clause in the Agreement. *See Hasler Aviation*, 2007 WL 2463283, at *5. In *Hasler*, this Court cited to cases which support the proposition that tort claims are covered by a forum selection clause. *See, e.g., Travelers Prop. Cas. Co. of Am. v. Centimark, Corp.*, 2005 WL 1038842, at *2-3 (S.D. Ohio May 3, 2005) (stating that "where a tort claim is substantially related to the contract claim in terms of factual and legal issues, the forum selection clause covers the tort claim as well" in a case in which the forum selection clause covered "any dispute" arising under the contract and indicated "the parties' belief that all actions regarding their relationship will be governed by the forum selection clause.").

This Court, along with other courts in this Circuit, have consistently held that tort claims can be encompassed by a forum selection clause. *See Aeronautical Accessories, Inc. v. Petroleum Helicopter, Inc.*, No. 2:09-cv-286, 2010 WL 3619969, at *2 (E.D. Tenn.

-11-

Case 1:10-cv-00269-HSM-SKL   Document 19   Filed 08/04/11   Page 11 of 15   PageID #: 581

Sept. 13, 2010) (stating that "[a]s a general rule, 'contract-related tort claims involving the same operative facts as a parallel claim for breach of contract should be heard in the forum selected by the contracting parties'"); *May v. Ticketmaster Entm't, LLC*, No. 3:10-cv-00760, 2010 WL 4024257, at *6 (M.D. Tenn. Oct. 13, 2010) (responding to an argument by plaintiff that the forum selection clause was narrowly drawn by stating that it "covers all 'transaction[s] contemplated' by the Operating Agreement" and therefore covers promissory estoppel and Tennessee Consumer Protection Act claims arising from the transaction); *Thomas-Williams v. MGM Grand Detroit LLC*, No. 08-11030, 2009 WL 916952, at *4 (E.D. Mich. Mar. 31, 2009) (stating that "[a] contractually-based forum selection clause might also encompass tort claims if the tort claims ultimately depend on the existence of the contractual relationship between the parties, or if resolution of the claims relates to the interpretation of the contract, or if the tort claims involve the same operative facts as a parallel claim for breach of contract."); *see also Tritt v. Category 5 Records, LLC*, 570 F. Supp.2d 977, 980 (M.D. Tenn. 2008); *Caudill Seed & Warehouse Co., Inc. v. Brassica Prot. Prods., LLC*, 552 F. Supp.2d 658, 662 (W.D. Ky. 2008) ("The court is also mindful that '[a] forum selection clause should not be defeated by artful pleading of claims not based on the contract containing the clause if those claims grow out of the contractual relationship, or if "the gist" of those claims is a breach of that relationship.'").

Although the forum selection specifies actions against CC, the Court has already found that Defendants are sufficiently intertwined with CC and the instant dispute such that they can enforce the forum selection clause. In addition, the tort claims asserted against Defendants are so closely intertwined with the Agreement and the alleged breach of that
-12-

Agreement that the Court finds that the forum selection clause applies equally to the claims asserted in this case. Specifically, Plaintiff asserts claims of fraudulent inducement to contract, negligent misrepresentation about the terms of the contract, and tortious interference with business relationships -- claims which are all directly related to the alleged breach of the Agreement. (Compl. ¶¶ 98-114.) Plaintiff also asserts claims for breach of the implied covenant of good faith and fair dealing, which is essentially a breach of contract claim sounding in tort; conversion and constructive trust, which are directly related to the damages Plaintiff asserted as a result of the alleged breach; and civil conspiracy, which is essentially a restated count that Plaintiff was fraudulently induced to enter into the Agreement. (Compl. ¶¶ 115-135.)

Clearly, the operative facts for these tort claims are parallel to the breach of contract claims and, because the breach of contract claims turn on the interpretation of contract terms, the tort claims which follow from the alleged breach are dependent on such interpretation. Given Plaintiff's failure in the Delaware courts, the Court tends to agree with Defendants that this case involves "artful pleading" to rework breach of contract claims into tort claims and a shuffling of Defendants in hopes of escaping the as yet unfavorable Delaware forum. Under the circumstances, therefore, the Court finds that the forum selection clause is applicable to Plaintiff's tort claims. Accordingly, Defendants can enforce the clause in this tort-based action just as CC can enforce the clause in Plaintiff's breach of contract action.

The Court's findings as to Defendants' ability to enforce the forum selection clause and its applicability to Plaintiff's tort claims eclipse the bulk of Plaintiff's arguments. As to Plaintiff's arguments about Delaware courts lacking personal jurisdiction over Defendants,

the Court finds this argument to be somewhat nonsensical. If Plaintiff filed suit against Defendants in Delaware and Defendants raised the defense of personal jurisdiction, Plaintiff would certainly be able to assert that the forum selection clause applied equally to Defendants and not simply to CC. The same facts and circumstances upon which the Court relied to find that Defendants can enforce the clause would apply equally well as a challenge to any personal jurisdiction defense.

Accordingly, the Court concludes that the forum selection clause in the Agreement is enforceable; that Defendants as non-signatories to the Agreement can still enforce it based on the close relationship and the foreseeability that they might be subject to suit; and that Plaintiff's tort claims are encompassed by the forum selection clause. Defendants have only moved to dismiss the case and have not alternatively requested transfer under 28 U.S.C. § 1404(a), and the Court concludes that dismissal of this case pursuant to Fed. R. Civ. P. 12(b)(6) is appropriate. The forum selection clause governs this case, and Plaintiff improperly brought suit in Tennessee when any dispute between these parties had to be filed in a specified Delaware state or federal court as required by the forum selection clause. As such, Plaintiff's Complaint will be dismissed.

## IV.     CONCLUSION

For the reasons explained above, Defendants' Motion to Dismiss the Complaint [Court Doc. 4] is **GRANTED** and this case will be **DISMISSED WITHOUT PREJUDICE**.

A separate Judgment will enter.

**SO ORDERED** this 4th day of August, 2011.

                                        */s/Harry S. Mattice, Jr.*
                                        HARRY S. MATTICE, JR.
                                        UNITED STATES DISTRICT JUDGE